UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY ROLFING, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1505 CKD P<br><br><br>ORDER |

I. Introduction

　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

III. Exhaustion Requirement

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*).

Plaintiff alleges that a doctor and nurse at the Redding Eye Clinic used an unsterilized eye dropper to dilate his right eye, contaminating it and causing an infection.  (ECF No. 1 at 5.)  He further alleges that medical providers at High Desert State Prison failed to timely diagnose and treat his infection, violating the Eighth Amendment's ban on cruel and unusual punishment.  (Id. at 2-4.)  Plaintiff asserts: "This filing and the defendants therein are covered in grievances #HDSP-HC-13027747 and in process grievance #HDSP-HC-14028247 (in process not yet completed at 3rd level review)." (Id. at 5.)

On the portion of the court-provided form concerning exhaustion of remedies, plaintiff indicates that there is a grievance procedure available at his institution, and he has filed a grievance.  (ECF No. 1 at 2.)  He also indicates that the grievance process is not completed, explaining: "This case will be ongoing until a final operation/repair which may include further

2

grievance actions and additional defendants, from 2014 to completion, on separate filing (in process) on 602 appeal." (Id.)

Because plaintiff brought suit against the defendants on July 13, 2015, he is required to have completed the inmate appeals process as to his claims by that date. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.")  Unexhausted claims are subject to dismissal.

It is not clear whether plaintiff has completed the exhaustion process as to any of the defendants.  For this reason, the complaint will be dismissed with leave to amend.   In an amended complaint, plaintiff should name only those defendants as to whom administrative remedies were exhausted prior to filing suit on July 13, 2015.

IV.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3

1 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3       In accordance with the above, IT IS HEREBY ORDERED that:
4       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.
5       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
6 shall be collected and paid in accordance with this court's order to the Director of the California
7 Department of Corrections and Rehabilitation filed concurrently herewith.
8       3.  Plaintiff's complaint is dismissed.
9       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
10 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
11 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
12 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
13 two copies of the amended complaint; failure to file an amended complaint in accordance with
14 this order will result in dismissal of this action.
15 Dated:  July 29, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21 2 / park1505.14.new

4