UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY ROLFING, et al.,<br><br>  Defendants. | No. 2:15-cv-1505 CKD P<br><br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2015, his original complaint was dismissed because it was unclear whether plaintiff had exhausted administrative remedies as to any of his claims, and plaintiff was granted leave to amend. (ECF No. 7.) Plaintiff's First Amended Complaint ("FAC") is now before the court for screening. (ECF No. 17.)

II. Screening Standard

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain more than
9    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
10   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
13   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
16   at 1949. When considering whether a complaint states a claim upon which relief can be granted,
17   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
18   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
19   U.S. 232, 236 (1974).

20   III. Allegations

21   Plaintiff's allegations concern a 2013 eye infection that "progressed over several months,
22   developing a cyst, which burst repeatedly[.]" (FAC at 4.) The infection created pressure under a
23   facial prosthetic that plaintiff had worn for many years "with no lasting prior problems." (Id.)
24   Plaintiff alleges that defendants' failure to properly diagnose and treat his condition led to
25   "antibiotic resistance, damage to the prosthetic, pain, suffering, fear for life, and a need for three
26   surgeries to repair the damage done." (Id.)

27   Plaintiff names as defendants several medical employees at High Desert State Prison who
28   were involved in the treatment of his condition. He also names the prison officials who denied

his administrative appeals seeking treatment. The court summarizes plaintiff's allegations as to each of the nine defendants, below:

Plaintiff alleges that defendant Dr. Rolfing began treating his eye infection in September 2013, but failed to do "data gathering" necessary for "proper diagnosis and treatment." (FAC at 4.) Plaintiff does not specify how many times Rolfing treated him, what the treatment consisted of, or any details as to plaintiff's condition during that time. Nor does he explain what he means by "data gathering."

Defendant Clark, a triage nurse, "failed to take cultures of the cyst which broke and leaked fluids several times. He never gave plaintiff any dressings or coverings for the open wound," which exacerbated the pain and infection. (Id. at 5.) Plaintiff does not allege that Clark was responsible for treating him on a particular date or dates, nor provide any details about his interactions with Clark or his condition at the time.

Defendant Schmidt replaced Rolfing in early December 2013, when she did not see plaintiff in person but conveyed a message that his medications were adequate. (Id.) After examining plaintiff a week later, she "immediately ordered a culture . . . and initiated an urgent "Request for Services (RFS) to [an] Eye, Ear, Nose and Throat Specialist (ENT)." (Id. at 5-6.) Plaintiff had a CT scan done in December 2013 by outside physicians, who recommended another CT scan of plaintiff's sinuses and face. (Id. at 6.) Defendant Schmidt "did not follow up on the scan . . . delaying surgery." (Id.) Eventually, surgery was ordered without the "proper scan." (Id.)

Defendant Miranda replaced Schmidt in April 2014. (Id. at 7.) Plaintiff was told that Miranda would not refill his request for pain medication, as plaintiff had been scheduled for surgery. (Id.) However, plaintiff was not scheduled for surgery, but for a pre-operative consultation, as confirmed in May 2014. (Id.) The delay in receiving pain medication caused plaintiff pain and suffering. (Id.)

Defendant Medina replaced defendant Clark as triage nurse in April 2014. (Id. at 8.) She "denied visits to Primary Care Provider Miranda on several occasions, . . . denied medications, confiscated medications, and accused plaintiff of not taking them." (Id.) She also "rejected"

1  administrative requests for health care and a letter with a diagram concerning plaintiff's
2  medication.  (Id.)  Plaintiff does not specify who wrote the letter, nor allege any details about his
3  interactions with this defendant.
4        Defendant Dr. Garbutt rejected plaintiff's administrative appeal for "emergency status."
5  (Id. at 9.)  Plaintiff does not attach the appeal or this defendant's response.
6        Defendant Lee, Chief Physician and Surgeon, "failed in her duties" to supervise prison
7  medical staff, who "were not following specialist recommendations" or timely resolving medical
8  conditions.  (Id. at 10.)
9        Defendant Barron was an Appeals Coordinator who rejected plaintiff's administrative
10 appeal, in which plaintiff asserted that his case was "not 'routine' and medical responses to 'eye
11 infection' had failed."  (Id. at 11.)  Plaintiff does not attach the appeal or this defendant's
12 response.
13       Defendant Mahoney, Chief Executive Officer of the Correctional Health Services, "failed
14 in his supervisory duties" to ensure constitutionally adequate health care for plaintiff.  (Id. at 12.)

15 IV.  Medical Indifference

16       Denial or delay of medical care for a prisoner's serious medical needs may constitute a
17 violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.
18 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is
19 deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d
20 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
21 Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).
22       In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439
23 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other
24 grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the
25 plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's
26 condition could result in further significant injury or the 'unnecessary and wanton infliction of
27 pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he
28 existence of an injury that a reasonable doctor or patient would find important and worthy of

1  comment or treatment; the presence of a medical condition that significantly affects an
2  individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d
3  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

4  Second, the plaintiff must show the defendant's response to the need was deliberately
5  indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act
6  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the
7  indifference. Id. Under this standard, the prison official must not only "be aware of facts from
8  which the inference could be drawn that a substantial risk of serious harm exists," but that person
9  "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
10 approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
11 showing of merely negligent medical care is not enough to establish a constitutional violation.
12 Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

13 A difference of opinion about the proper course of treatment is not deliberate indifference,
14 nor does a dispute between a prisoner and prison officials over the necessity for or extent of
15 medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d
16 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

17 Moreover, as for any § 1983 claim, there must be an actual causal link between the actions
18 of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc.
19 Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).
20 Supervisory personnel are generally not liable under §1983 for the actions of their employees
21 under a theory of respondeat superior and, therefore, when a named defendant holds a
22 supervisorial position, the causal link between him and the claimed constitutional violation must
23 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

24 Here, while plaintiff has alleged a serious medical need, he has failed to allege deliberate
25 indifference on the part of any defendant. Rather, his brief and conclusory allegations as to each
26 defendant suggest negligence and/or a difference of opinion about proper treatment.

27 The FAC will be dismissed for failure to state a claim under the medical indifference
28 standard set forth above. However, plaintiff will be granted one opportunity to file an amended

5

1  complaint.

2  V. <u>Leave To Amend</u>

3  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
4  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v.
5  Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
6  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
7  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
8  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980);
9  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
10 allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
11 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

12 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading.  This is because, as a
15 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
16 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
17 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19 In accordance with the above, IT IS HEREBY ORDERED that:

20 1. The First Amended Complaint is dismissed for failure to state a claim; and

21 2. Plaintiff is granted thirty days from the date of service of this order to file an amended
22 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
23 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
24 assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an
25 ////
26 ////
27 ////
28 ////

original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: September 24, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / park1505.FAC