UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY ROLFING, et al.,<br><br>  Defendants. | No. 2:15-cv-1505 CKD P<br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 29, 2015, his original complaint was dismissed because it was unclear whether plaintiff had exhausted administrative remedies as to any of his claims, and plaintiff was granted leave to amend.  (ECF No. 7.)  On September 24, 2015, his First Amended Complaint was dismissed for failure to state a claim, and he was again granted leave to amend.  (ECF No. 18.)  Plaintiff's Second Amended Complaint ("SAC") is now before the court for screening.  (ECF No. 24.)  See 28 U.S.C. § 1915A(a).

II. Discussion

    Plaintiff's claims concern his medical treatment at High Desert State Prison ("HDSP") for an eye infection that created a cyst under plaintiff's facial prosthesis, a condition that eventually required surgery.  The allegations span 2013 and 2014 and involve several medical defendants.

In September 2013, plaintiff's primary care provider Dr. Rolfing prescribed antibiotics for plaintiff's eye infection for a 10-day period, then for another 10-day period when the infection continued. (SAC at 3.) Plaintiff requested an x-ray, which he did not receive. (Id.) By early November, the infection had not abated. (Id.) On November 7, 2013, Rolfing and defendant Nurse Clark ordered stronger antibiotics for plaintiff. (Id.) That night, plaintiff "started to feel the swelling at the base of my eye socket and the prosthetic implant. I felt a hole approximately 1/4" in diameter." (Id.) Plaintiff filled out a health care request form "and stated my discovery and the necessity for surgical repair." (Id.)

On November 10, 2013, plaintiff was examined by Rolfing and a nurse, defendant Clark, in response to his health care request. (Id. at 5.) They did not take a culture of the infection or order an x-ray. (Id.) "The infection had formed a cyst, which burst on November 15, 2013 while I washed my face. Between November 10, 2013 and November 2015, the intensity of pressure, pain, and a pushing sensation behind the prosthetic . . . grew into a barely endurable condition." (Id. at 4.) At some point before leaving HDSP on November 30, 2013, Rolfing left orders for plaintiff to see an Eye, Ear, Nose and Throat Specialist ("ENT") and to receive Tylenol with codeine for the pain caused by the broken prosthetic. (Id.) The request for plaintiff to see an ENT was marked "Routine." (Id.)

Defendant Schmidt took over as plaintiff's primary care provider on December 1, 2013. (Id. at 6.) On December 4, 2013, plaintiff submitted a CDCR 602 health care appeal requesting

> immediate and sufficient medical care and treatment: X-rays to determine if the prosthesis has broken or the screws have been pulled loose by the extreme pressure of the infection, which erupted with pus and blood. My facial area (rt side) has grown continually worse. The chronic pain is such that I cannot sleep, eating is extremely difficult. . . . I was told pain medication was being prescribed, however, I have yet to receive any. . . I've had this progressively worsening infection for over 3 months now.

(Id. at 27-28.) After his face erupted with pus and blood, plaintiff continued, "Dr. Rohlfing . . . advised me that there wasn't anything he (Medical) could do about it, just send me some antibiotics and see if they do the job." (Id. at 28.)

////

2

On December 11, 2013, plaintiff underwent a CT scan, and Schmidt reviewed the result with him. (Id. at 7.) After examining the hole in his prosthesis and his facial swelling, she submitted an "urgent" request for plaintiff to see the ENT. (Id.) Schmidt ordered Tylenol with codeine for plaintiff and conducted a swab culture of the fluids from the cyst. (Id.)

On December 13, 2013, defendant Garbutt, a Health Care Appeals Registered Nurse, rejected plaintiff's request for emergency processing of his medical appeal, stating that plaintiff's complaint did not "warrant emergency/expedited processing." (Id. at 32.)

On January 9, 2014, plaintiff was taken to the prison hospital for treatment. (Id.) His infection was discovered to be an antibiotic-resistant staph infection. (Id.) During his hospital stay, "the infection was reduced to the point that [plaintiff] was able to be taken to U.C. Davis" to see a plastic surgeon and another medical specialist. (Id.) On March 5, 2014, plaintiff underwent another CT scan. (Id. at 8.)

In March 2014, defendant Miranda became plaintiff's primary care provider. (Id. at 9.) Defendant Medina, a nurse, joined Miranda in April 2014. (Id.) When plaintiff's ibuprofen prescription ran out, he submitted multiple requests for refills. (Id.) Medina denied the refills, saying plaintiff had been scheduled for surgery; however, surgery had not yet been scheduled. (Id.) Plaintiff argued with Medina in subsequent visits and was "removed for being uncooperative." (Id.) His pain levels rose to an "unendurable" level, causing him to become unconscious. (Id. at 9-10.) Plaintiff asserts that Miranda and Medina showed deliberate indifference to his pain and suffering by denying him needed pain medication despite multiple requests. (Id. at 10.) Plaintiff's severe pain continued until mid-May 2014, when ibuprofen was ordered for plaintiff; however, it did not "provide the levels of relief needed for proper functioning." (Id.)

Documents attached to the complaint indicate that, in June 2014, plaintiff had a pre-operative evaluation at UC Davis Health Systems; had a 3-D CT scan; was evaluated by his primary care physician and agreed to his treatment plan; and underwent surgery at UC Davis Health to remove the implant and repair his facial wound. (Id. at 21.) He was discharged to HDSP "in stable condition" and received follow-up care, including pain medication. (Id. at 21-

3

22.) Plaintiff's claims against additional defendants concern the inmate appeals process. (See id. at 24.)

Liberally construing plaintiff's pro se pleading, the undersigned finds it states Eighth Amendment claims against defendants Rolfing, Schmidt, Miranda, and Medina for deliberate indifference to plaintiff's serious medical needs. Plaintiff does not state a cognizable claim against remaining defendants Clark, Garbutt, Barron, Lee, and Mahoney[1], as his allegations as to these defendants at most amount to negligence or a dispute about the proper course of treatment. However, plaintiff will have an opportunity to amend the complaint.

III. Leave to Amend

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss defendants Clark, Garbutt, Barron, Lee, and Mahoney with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Clark, Garbutt, Barron, Lee, and Mahoney are dismissed with leave to amend;

2. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

////

---

[1] Defendants Dorothy Swingle and Redding Eye Clinic were named in the original complaint, but not the SAC.

4

3. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

4. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  May 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / park1505.SAC

5