UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ROHLFING, et al.,<br><br>Defendants. | No. 2:15-cv-1505 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.

Shortly after initiating this case, plaintiff consented to magistrate judge jurisdiction. (ECF No. 4.) After defendants were served, they declined magistrate judge jurisdiction and a district judge was assigned to this case. (ECF Nos. 44, 46.) On August 4, 2017, after counsel was appointed to represent plaintiff, the parties filed a joint status report which stated that plaintiff would "likely agree" to magistrate judge jurisdiction while defendants stated they did not have authority to agree to magistrate judge jurisdiction. (ECF No. 61 at 3, ¶ 10.) Two months later, the parties submitted another joint status report in which the parties reversed their positions on magistrate judge jurisdiction, with plaintiff stating that he would not agree to the case being tried before a magistrate judge and defendants stating that they would "likely agree" to a jury trial before the undersigned. (ECF No. 69-1 at 3, ¶ 8.) Defendants subsequently consented to

1

1  magistrate judge jurisdiction (ECF No. 82) and the case was reassigned and referred to the

2  undersigned for all further proceedings and entry of final judgment (ECF No. 84).

3        The same day this case was reassigned to the undersigned, plaintiff filed a notice declining

4  magistrate judge jurisdiction and a declaration from counsel requesting that the reassignment to

5  the undersigned by vacated. (ECF Nos. 85, 86.) The notice declining magistrate judge

6  jurisdiction and declaration were construed as a request to revoke consent, which was denied by

7  the undersigned because plaintiff did not show good cause or extraordinary circumstances for the

8  withdrawal of his consent. (ECF No. 88 at 11-13.) Despite the denial of the request to withdraw

9  consent, the case was referred back to the District Judge in order to properly dismiss one

10 defendant and to give a newly added defendant an opportunity to consent to or decline magistrate

11 judge jurisdiction. (Id. At 13.) Shortly thereafter, plaintiff moved to vacate the referral to the

12 undersigned (ECF No. 91), and while the motion was pending the newly served defendant filed

13 her consent (ECF No. 97). The District Judge construed the motion to vacate as a motion to

14 withdraw consent and denied the motion for failure to demonstrate good cause or extraordinary

15 circumstances. (ECF No. 101 at 5-10.) Plaintiff has now filed a motion for reconsideration of

16 that order based on the recent opinions handed down by the Ninth Circuit in Branch v.

17 Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019) (district judge must rule on motion to withdraw

18 consent), and Gilmore v. Lockard, 936 F.3d 857, 863 (9th Cir. 2019) (showing of good cause or

19 extraordinary circumstances not necessary to withdraw magistrate judge consent before all parties

20 have consented). Defendants have not opposed the motion.

21       Because the motion for reconsideration relates to plaintiff's attempts to withdraw his

22 consent to magistrate judge jurisdiction and seeks reconsideration of the District Judge's order, it

23 must be addressed by the District Judge. The case will therefore be re-assigned to District Judge

24 Kimberly J. Mueller for consideration of the motion for reconsideration.

25       Also before the court is plaintiff's ex parte motion for an extension of the expert witness

26 deadline. (ECF No. 117.) Because plaintiff seeks to not only extend, but re-open discovery,

27 defendants will be given an opportunity to respond to the motion.

28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to re-assign District Judge Kimberly J. Mueller to this matter.

2. Within ten days of the filing of this order, defendants may respond to plaintiff's motion for an extension of time (ECF No. 117).

Dated: October 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:park1505.refer