UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ROHLFING et al.,<br><br>Defendants. | No. 2: 15-cv-001505-KJM-CKD<br><br><br><br>ORDER |

On September 30, 2018, the court denied plaintiff's motion to withdraw his consent to a magistrate judge. ECF No. 101. Plaintiff now moves for reconsideration of that order under Federal Rules of Civil Procedure Rule 60 and Local Rule 230. ECF No. 114.

I. <u>Factual Background</u>

This is a prisoner civil rights case. On July 27, 2015, Kenneth Wayne Parks, proceeding pro se, filed the standard form completed to indicate his consent to the jurisdiction of a magistrate judge. Consent, ECF No. 4. On February 3, 2017, defendants declined to proceed before a magistrate judge. ECF No. 44. On October 2, 2017, the parties filed a joint status report in which the plaintiff, now represented by counsel, stated, "Plaintiff does not agree to try this case before the Magistrate Judge." JSR, ECF No. 68 at 3. On March 28, 2018, the defendants filed a statement of consent to the magistrate judge. ECF No. 82. This court issued an order on April 24, 2018, reassigning the case to the magistrate judge. ECF No. 84. The same day, the plaintiff filed a notice

declining the jurisdiction of the magistrate judge. ECF No. 85. Plaintiff's counsel also submitted a supporting declaration alerting the court to the earlier refusal to proceed in front of the magistrate judge asserted in the joint status report of October 2, 2017. ECF No. 86 ¶¶ 1,7, 10.

The magistrate judge construed plaintiff's filing as a motion to revoke consent to magistrate judge jurisdiction and issued findings and recommendations to deny the motion, finding neither good cause nor extraordinary circumstances justifying the request. *See* Findings at 12-13, ECF No. 88; *see also* 28 U.S.C. § 636(c)(4) ("The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."); Fed. R. Civ. P. 73(b)(3) ("On its own for good cause--or when a party shows extraordinary circumstances--the district judge may vacate a referral to a magistrate judge under this rule."); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (articulating standard for withdrawing consent to trial before magistrate judge).

On May 5, 2018, the magistrate judge referred the case back to the undersigned with a recommendation to dismiss one defendant and give a newly added defendant an opportunity to consent to or decline magistrate judge jurisdiction. ECF No. 88 at 13. The plaintiff at that point formally moved to vacate the referral to the magistrate judge. ECF No. 91. While the motion was pending, the newly served defendant filed her consent to magistrate judge jurisdiction. ECF No. 97.

On September 30, 2018, the court adopted the magistrate judge's findings and recommendations and denied the motion to vacate. Order, ECF No. 101. In the interim, on August 28, 2019, the Ninth Circuit decided *Gilmore v. Lockard*, 936 F.3d 857 (2019), which is relevant for reasons explained below. On September 9, 2019, plaintiff filed the pending motion for reconsideration.

II. <u>Legal Standard</u>

A court may relieve a party from an order under Federal Rule Civil Procedure 60 for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Exercise of a court's equitable power to reconsider its judgment under Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby,* 545 U.S. 524, 536 (2005).

    III.  <u>Discussion</u>

    Plaintiff cites *Gilmore v. Lockard*, 936 F.3d 857 (9th Cir. 2019), for the proposition that because he withdrew his consent to the magistrate judge before the government consented, that he need not have shown good cause or extraordinary circumstances as required by either 28 U.S.C. § 636(c)(4) or Federal Rule of Civil Procedure 73(b)(3). In *Gilmore,* the Ninth Circuit was presented with an analogous situation in which a prisoner in a habeas corpus action consented to magistrate judge jurisdiction, but withdrew his consent before the defendant consented. *Gilmore*, 936 F.3d at 861. The court considered whether a showing of good cause or extraordinary circumstances was required for withdrawal under 28 U.S.C. § 636(c)(4) before all parties had consented. *Id. at* 861-62. Interpreting the statutory text, the Circuit found that § 636(c) did not apply before all parties had consented. *Id.* Instead, the magistrate judge's authority at the time the plaintiff withdrew his consent was derived from § 636(b)(1)(A), where "a judge [ ] designate[s] a magistrate judge to hear and determine any pretrial matter pending before the court," which does not require good cause or extraordinary circumstances to withdraw consent. *Id.* The Circuit held that allowing a revocation of consent in such circumstances is in the district court's discretion and noted the majority of courts have allowed withdrawal. *Id.* at 863.

When a party brings a Rule 60(b)(6) motion predicated on an intervening change in the law, the court must consider six factors known as the "*Phelps* factors" relating to the circumstances of the motion:

(1) the change in law;

(2) 'the petitioner's exercise of diligence in pursuing his claim for relief[;]'

(3) whether reopening the case would upset 'the parties reliance interest in the finality of the case[;]'

(4) the extent of 'the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief[;]'

(5) the relative 'closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in law[;]' and

(6) concerns of comity.

*Jones v. Ryan,* 733 F.3d 825, 839-40 (9th Cir. 2013) (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135-39 (9th Cir. 2009)).

The first and fifth *Phelps* factors weigh strongly in favor of plaintiff in this case. The change in law effected by the Circuit's decision in *Gilmore* addresses the interpretation of the precise subsections of § 636 at issue here on directly analogous facts. The cases are clearly closely related.

The plaintiff satisfies the second *Phelps* factor, exercising diligence in his claim for relief, because he promptly objected to jurisdiction once defendants consented (ECF No. 85), renewed those objections at each opportunity (Mot. to Vacate, ECF No. 91, Obj. to Findings and Rec., ECF No. 92), and brought the instant motion promptly following the *Gilmore* decision, (ECF No. 114).

The third *Phelps* factor, relating to the finality of any judgment, weigh in favor of plaintiff as well. Plaintiff does not seek to disturb a final judgment, only to alter an interlocutory order. Moreover, since reassignment of the case to the magistrate judge she has issued no dispositive orders. A dispositive motion hearing is set for January 22, 2020 in front of magistrate judge Delaney, but it has not been fully briefed and may be moved.

The fourth factor, concerning the delay between the judgment and the motion for Rule 60(b)(6) relief, weighs in favor of the plaintiff if it is not neutral. The order from which he seeks relief was not a final judgment. The concern for preserving the finality of judgments underpinning this factor is only marginally implicated if at all. Nearly a year passed between the undersigned's order denying the motion to vacate the referral and the filing of the motion for reconsideration. However, a lag in time alone is not enough to tip the balance against the plaintiff. As the other factors make clear, a gap in time is a method for gauging prejudice to the parties based on their reliance on the earlier decision. Here, the prejudice to the parties is minimal.

The sixth *Phelps* factor, concerns of comity, arises primarily in the context of habeas corpus petitions, in which federal courts must be sensitive to the balance between the sovereign states and the federal judiciary. *See Phelps*, 569 F.3d at 1139-1140. This factor is inapplicable here, as the case is a collateral attack on the result of a federal prosecution; there is no chance of the federal judiciary impinging on the state courts.

*Gilmore* was decided eleven months after this court adopted the magistrate judge's findings and recommendations. "When an appellate court applies 'a rule of federal law to the parties before it,' that interpretation 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.'" *Ray v. Cty. of Los Angeles*, 935 F.3d 703, 714 (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)), *amended on other grounds*, 939 F.3d 1062 (9th Cir. 2019). "That is because 'when a court delivers a ruling, even if it is unforeseen, the law has not changed. Rather, the court is explaining what the law always was.'" *Id.* (quoting *Jones Stevedoring Co. v. Dir., Office of Workers' Comp. Programs*, 133 F.3d 683, 688 (9th Cir. 1997)). The Ninth Circuit decided what was apparently a case of first impression on the interpretation of § 636 and in so doing, explained "what the law always was." Thus, the *Gilmore* holding has retroactive effect.

Given that the facts are directly analogous, the court finds that *Gilmore* controls the outcome here. Plaintiff withdrew his consent before all defendants had consented. Under *Gilmore*, the magistrate judge's jurisdiction was grounded not in § 636(c), but in § 636(b). In deciding the
/////

motion to vacate, this court should therefore have exercised its discretion, instead of requiring good cause or extraordinary circumstances.

Granting the motion for reconsideration, the court now exercises its discretion to determine if plaintiff's revocation of consent should be given effect. *Gilmore*, 936 F.3d at 863. Surveying analogous cases, the Ninth Circuit noted with approval situations where no prejudice resulted to the parties from the withdrawal of consent to magistrate judge jurisdiction. *Id.* (citing *Osotonu v. Ringler*, 2011 WL 1047730 at *5 (E.D. Cal. Mar. 18, 2011); *Bowman v. Schwarzenegger*, 2009 WL 799274 at *1 (E.D. Cal. March 23, 2009)). Notably, the Ninth Circuit in *Gilmore* reversed and remanded the case for the magistrate judge's lack of jurisdiction over the jury trial that judge conducted. *Gilmore*, 963 F.3d at 867. Here, granting the motion for reconsideration would require a far less drastic remedy. The court grants the motion.

IV. <u>Conclusion</u>

For the foregoing reasons, the court GRANTS plaintiff's Motion for Reconsideration of the Motion to Vacate the Referral. The referral to the magistrate judge is vacated. This case is reassigned to the undersigned for dispositive purposes and the magistrate judge for pretrial nondispositive matters. The new case number is 2:15-cv-01505-KJM-CKD.

Dated: December 6, 2019.

_____
UNITED STATES DISTRICT JUDGE