UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS, | No. 2:15-cv-1505 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY ROHLFING, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding with counsel in an action for violation of civil rights under 42 U.S.C. § 1983. The only remaining defendants are Dr. Jeffrey Rohlfing and Physician Assistant Rafael Miranda. At all times relevant, both were employed by the California Department of Corrections and Rehabilitation at High Desert State Prison.

On May 9, 2018, the court screened plaintiff's operative fourth amended complaint (ECF No. 87) as the court is required to do under 28 U.S.C. § 1915A(a) and described plaintiff's remaining claims against defendants Dr. Rohlfing and Miranda as follows:

> Plaintiff's allegations that defendant Rohlfing continued to prescribe the same, ineffective antibiotic, delayed in ordering any kind of diagnostic testing, and failed to input the order for pain medication, which all led to plaintiff's prolonged suffering and the worsening of his infection, are sufficient to state a claim for deliberate indifference. Similarly, the allegations that defendant Miranda . . .

1

>>refused to provide pain medication and antibiotics state[s] [a] claim[] for relief. . .[1]

ECF No. 88 at 11.

Defendants' amended motion for summary judgement, filed October 15, 2019, is now before the court.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show

---

[1] In his opposition to defendants' motion for summary judgment, plaintiff asserts Miranda took actions which resulted in surgery being delayed for plaintiff. E.g. 140-10 at 11-12. The court does not address these assertions as any claim that Miranda delayed surgery for plaintiff was screened out.

2

that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

II. Background

In 1997, a prosthetic cheekbone and eye orbit were surgically implanted in plaintiff's face because of damage caused by a gunshot wound. The bullet left plaintiff blind in his right eye. Between 1997 and 2013, plaintiff periodically suffered from eye infections.

On September 9, 2013, plaintiff requested treatment for irritation in plaintiff's right eye. Treatment for the condition, at least for purposes of defendants' motion for summary judgment, culminated on June 25, 2014, when plaintiff underwent surgery for the removal of the prosthetic implant which had deteriorated. Plaintiff was treated by Dr. Rohlfing between approximately September 10, 2013 and the end of November that year. Defendant Miranda treated plaintiff from approximately April 7, 2014 until plaintiff had surgery. Records before the court indicate that plaintiff was treated by several other medical professionals as well.

III. Health Care Under the Eighth Amendment

Denial or delay of medical care can violate the Eighth Amendment if it amounts to cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). More specifically, a violation occurs when a prison official causes injury as a result of at least his or her deliberate indifference to a prisoner's serious medical needs. Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore,

mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

IV. Defendants' Arguments and Analysis

Defendants Dr. Rohlfing and Miranda argue that they are entitled to summary judgment with respect to plaintiff's remaining claims because there is no genuine issue of material fact as to whether plaintiff suffered injury as a result of at least their deliberate indifference to plaintiff's eye infection and deteriorating prothesis.

The record reveals that between September, 2013 and June, 2014, plaintiff received medical attention from numerous health care professionals on numerous occasions, so much so that over 1,000 pages of medical records were generated. The amount of medical attention plaintiff received weighs against a finding of cruel and unusual punishment based upon deliberate indifference.

Generally speaking, with respect to plaintiff's remaining claims and with exception to the two instances identified below, plaintiff does not allege that defendants or other medical professionals failed to act with respect to plaintiff's serious medical needs; rather he asserts that actions taken by Dr. Rohlfing and Miranda were not medically appropriate. However, plaintiff's assertions are generally not supported by admissible evidence because plaintiff fails to point to expert testimony suggesting that either defendant Miranda or Dr. Rohlfing took action which could be construed as amounting to at least deliberate indifference.

A. Dr. Rohlfing:

In his fourth amended complaint, plaintiff asserts that on or about November 23, 2013, defendant Dr. Rohlfing told plaintiff he would prescribe Tylenol #3 with Codeine for plaintiff's pain. Plaintiff also alleges that on December 5, 2013, plaintiff learned from a nurse that no order for Tylenol #3 had been entered. ECF No. 87 at 6-8.

In his affidavit, Dr. Rohlfing asserts that after an examination of plaintiff on November 26, 2013, he started plaintiff "on a prescription for Tylenol No. 3 for pain." ECF No. at 118-5 at 3. Exhibit K attached to Dr. Rohlfing's affidavit includes 3 documents, the first of which indicates it was at least Dr. Rolfing's plan to prescribe Tylenol #3. The third document appears to be either a "new prescription" for Tylenol #3, or at least confirmation of such a prescription.

In his opposition to defendants' motion, plaintiff fails to identify any evidence indicating that Dr. Rohlfing did not prescribe Tylenol #3, other than plaintiff's averment in his affidavit that he never received it. ECF No. 140-1 at 22. Plaintiff fails to point to any evidence indicating that he ever followed up with Dr. Rohlfing or any other medical professional as to the prescription for Tylenol #3. Indeed, there is no mention in plaintiff's affidavit that he learned from a nurse that there was no prescription for Tylenol #3, despite his claim to that effect in his fourth amended complaint.

Further, although plaintiff compares the treatment by Dr. Rohlfing to the treatment rendered by Nurse Practitioner Leslie Schmidt (ECF No. 140-10 at 19), a mere difference of opinion as to the proper course of treatment between medical professionals is not a sufficient factual basis to support a claim of deliberate indifference. Furthermore, non-party Schmidt treated plaintiff more than two weeks after Dr. Rohlfing last saw plaintiff (ECF No. 118-5 at 3 & 140-9 at 4) and there is nothing in the record upon which a finding could be based that plaintiff's condition was the same at the time of the second treatment. Although Schmidt testified at her deposition that the ordering of a culture of plaintiff's infection would have been an appropriate level of care when Dr. Rohlfing examined plaintiff on November 26, 2013 (ECF No. 140-9 at 4), which Dr. Rohlfing did not do, this, by itself, is not sufficient evidence of at least deliberate indifference. Indeed, after conducting his own examination, Dr. Rohlfing ordered that plaintiff follow up with a surgeon, continue with antibiotics, and ordered Tylenol #3 for pain. Dr. Rohlfing also noted on that day that plaintiff was scheduled for a CT scan. ECF No. 118-5 at 3 & 32.

In light of the foregoing, the court cannot find that there is a genuine issue of material fact as to whether plaintiff's failure to receive Tylenol #3 was the result of at least deliberate

6

1    indifference by defendant Dr. Rohlfing.  From the evidence before the court, it is possible that

2    plaintiff did not receive Tylenol #3 because of the actions of Dr. Rohlfing, but there is no genuine

3    issue of material fact that this was the result of deliberate indifference as opposed to inadvertence

4    or possibly negligence.  It is clear Dr. Rohlfing at least made a record of his intent to prescribe

5    Tylenol #3 and the exhibits attached to Dr. Rohlfing's affidavit indicate he prescribed or renewed

6    numerous medications for plaintiff including pain medication.   All things considered, if indeed

7    plaintiff failed to receive the medication, that alone is not evidence of deliberate indifference.

8           B.  Miranda

9           In his fourth amended complaint, plaintiff alleges that on or about April 7, 2014,

10   defendant Miranda denied plaintiff pain medication.  Plaintiff also alleges that in mid-April,

11   2014, he was in pain and submitted requests for pain medication that were rejected by defendant

12   Miranda.  According to plaintiff, defendant Miranda asserted that he could not prescribe plaintiff

13   pain medication because plaintiff had been scheduled for surgery which, according to plaintiff,

14   was not true.  Finally, plaintiff alleges he did not receive pain medication until May 5, 2014.  ECF

15   No 87 at ¶¶ 91, 93 & 99.

16          In his affidavit, Miranda indicates that on April 8, 2014, Miranda denied plaintiff

17   Ibuprofen because plaintiff was scheduled for surgery and Ibuprofen would thin plaintiff's blood.

18   ECF No. 118-6 at 4.  Miranda does not point to the date of the scheduled surgery, nor does he

19   point to records indicating such a date.  Miranda does identify records reflecting that Ibuprofen

20   was prescribed a week later by a Dr. Lankford.  Id.  Finally, Miranda avers that on April 23, 2014,

21   he prescribed an increase of the dosage of the Ibuprofen previously prescribed.  Id. at 5.  Plaintiff

22   does not dispute any of this in his affidavit.

23          The court accepts, as it must, defendant Miranda's opinion that Ibuprofen thins blood

24   creating a dangerous condition for surgery.  But there is nothing before the court indicating that at

25   the time Miranda refused to provide Ibuprofen plaintiff had a date set for surgery at all, much less

26   one close to the time of the appointment.

27          In light of all the evidence described above, and the lack of evidence regarding the timing

28   of plaintiff's scheduled surgery, there is a genuine issue of material fact as to whether defendant

Miranda's failure to prescribe Ibuprofen for plaintiff on or around April 8, 2014 was the result of at least deliberate indifference.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' amended motion for summary judgment (ECF No. 121) be:

    1. Granted with respect to plaintiff's remaining claims against defendant Dr. Rohlfing;

    2. Denied with respect to plaintiff's claim that defendant Miranda denied plaintiff Ibuprofen on or about April 8, 2014; and

    3. Granted with respect to plaintiff's other remaining claims against defendant Miranda.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 21, 2020

                                                    CAROLYN K. DELANEY
                                                    UNITED STATES MAGISTRATE JUDGE

---

1 park1505.msj(2)

8