UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Wayne Parks,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Jeffrey Rohlfing, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1505-KJM-CKD<br><br>ORDER |

　　　　Plaintiff Kenneth Parks, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 22, 2020, the magistrate judge filed findings and recommendations, which recommend granting the defendants' amended motion for summary judgment in part and denying it in part.  *See* Am. Mot. Summ. J., ECF No. 121; F&Rs, ECF No. 144.  These findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  Parks did not object.  Defendants Miranda and Rohlfing object in part; they argue the magistrate judge should have granted summary judgment in full.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

1

findings and recommendations to be supported by the record and by the proper analysis. The court writes separately here to address the defendants' objections.

The magistrate judge recommends denying summary judgment of the claim against Miranda, a physician's assistant who treated Mr. Parks. *See* F&Rs at 7–8. Parks alleges that Miranda was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because, among other reasons, Miranda denied Mr. Parks ibuprofen. *See id.* at 17. Miranda moved for summary judgment, arguing the medical records showed that he had a legitimate reason to deny Parks's request—"because [Parks] was scheduled for surgery, and ibuprofen would thin his blood and should not be taken." *See id.* at 7; Miranda Decl. ¶ 20, ECF No. 118-6.

The magistrate judge correctly recommended against summary judgment on the basis of these records and Miranda's declaration. First, as the magistrate judge explained, no evidence in the record shows beyond dispute that Parks was in fact scheduled for surgery at the time Miranda refused his request for ibuprofen, let alone that the surgery would occur soon after the appointment. *See* F&Rs at 7. Second, Parks would testify at trial that he was *not* scheduled for surgery, that he "attempted to tell" Miranda he was not scheduled for surgery, and that Miranda "ignored" him. *See* Parks Decl. ¶ 58, ECF No. 140-1. Because the reasons for Miranda's refusal are material and genuinely disputed, summary judgment must be denied.

Miranda's objections do not show otherwise. His objections are based on notes about an appointment a few days before his decision not to give Parks ibuprofen. *See* Objs. at 2–3 (citing Miranda Decl. ¶ 19 & Ex. M, ECF No. 118-6). In those notes, Miranda wrote that according to "RN Weeks," Parks was scheduled for surgery at some unspecified date. Miranda Decl. Ex. M. To the extent Miranda relies on these notes to prove Parks was truly scheduled for surgery, they are inadmissible hearsay, and summary judgment cannot be granted on the basis of inadmissible evidence. *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1121 (E.D. Cal. 2006). To the extent Miranda relies on the notes to prove some other relevant fact, such as notice, the central dispute described above would remain unresolved. Parks would testify at trial that he was not scheduled for surgery and that he attempted unsuccessfully to convince Miranda this was

so, and no evidence suggests a surgery at some unspecified point in the future is good reason to withhold ibuprofen.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 22, 2020, are adopted in full.
2. Defendants' amended motion for summary judgment (ECF No. 121) is:
   A. Granted with respect to plaintiff's remaining claims against defendant Dr. Rohlfing;
   B. Denied with respect to plaintiff's claim that defendant Miranda denied plaintiff Ibuprofen on or about April 8, 2014; and
   C. Granted with respect to plaintiff's other remaining claims against defendant Miranda.
3. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

IT IS SO ORDERED.

DATED: February 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

3