UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE PARKS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ROHLFING, et al.,<br><br>Defendants. | No. 2:15-cv-1505 KJM CKD P<br><br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff is proceeding with counsel with an action for violation of civil rights under 42 U.S.C. § 1983. The only remaining defendant, Rafael Miranda, was employed as a Physician's Assistant at High Desert State Prison in Susanville at the relevant time. One claim against defendant Miranda remains: whether he violated plaintiff's Eighth Amendment rights by denying plaintiff ibuprofen on or around April 8, 2014.

On April 11, 2023, the court issued an order finding that plaintiff's pretrial statement was not acceptable and ordering it stricken. The court indicated as follows with respect to exhibits:

> [P]laintiff's identification of his exhibits is vague in that he describes categories of documents, rather than the actual documents. Further, the exhibits identified are overbroad (e.g. all of plaintiff's medical records generated between 2012 and present). While not clear, it appears that plaintiff identifies documents numbering in the thousands.

ECF No. 161 at 2.

1

Plaintiff was granted leave to file an amended pretrial statement as was instructed as follows with respect to the identification of exhibits:

> Plaintiff is granted thirty days within which to file an amended pretrial statement. In the amended pretrial statement, plaintiff's list of witnesses and exhibits must reflect the limited, discrete, and relatively unsophisticated nature of the one remaining medical claim that will be presented at trial. With respect to exhibits, plaintiff cannot simply identify a class of documents; he must identify the actual exhibits he intends to use. Further, plaintiff must avoid identifying exhibits and witnesses that are cumulative or not relevant toward a resolution of the only claim remaining. Plaintiff's failure to comply with this order will result in sanctions which may include a recommendation that this action be dismissed.

Id.

The amended pretrial statement was filed May 10, 2023. ECF No. 162. A review of the portion of the pretrial statement in which plaintiff identifies his trial exhibits reveals that counsel for plaintiff failed to, in any material respect, comply with that portion of the April 11, 2023 order concerning exhibits. Again, the only claim which remains is whether plaintiff was denied over-the-counter pain medication on or around April 8, 2014. Yet counsel for plaintiff identifies an astounding 375 separate exhibits, most of which appear to comprise all of plaintiff's medical records generated between September of 2013 and June of 2014. Some of the exhibits identified (Exhibits 1-7) are categories of documents, despite the fact that counsel for plaintiff was specifically instructed that merely listing categories is not appropriate in a pretrial statement.

In footnote 2 of the amended pretrial statement, counsel for plaintiff explains the large number of exhibits as follows:

> There are a large number of exhibits because it is necessary to provide context for the actions that are alleged to be the subject of the remaining claim in this case and because L.R. 281 states that only exhibits listed can be used at trial. Counsel has reviewed each of the listed exhibits and has also identified as exhibits summaries of various categories of exhibits, which are intended to reduce the number of exhibits. Exhibits marked with an asterisk will be used only if necessary.

The court understands that context must be provided as to why plaintiff required ibuprofen on April 8, 2014, and the why denial of ibuprofen may be found to have violated the Eighth

Amendment. But it is inconceivable that 375 exhibits reflective of approximately nine months of medical treatment would be necessary to provide appropriate context for the jury to understand plaintiff's claim, nor that counsel could have a good faith belief that all of those documents could or would be properly admitted into evidence.

Counsel suggests Local Rule 281(b)(11), which concerns identification of exhibits in a pretrial statement, requires identification of every possible exhibit plaintiff might offer. But that is not what the rule says. The rule provides that a pretrial statement must include "[a] list of documents or other exhibits that the party expects to offer at trial." Any reasonable interpretation of this rule includes those exhibits a party intends to introduce in the case-in-chief and any exhibits used to rebut evidence reasonably anticipated to be presented by the other party.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's amended pretrial statement (ECF No. 162) is stricken;

2. Counsel for plaintiff shall show cause in writing within 14 days why sanctions in the amount of $250 should not be ordered for counsel's willful failure to comply with the court's April 11, 2023, order concerning the contents of plaintiff's amended pretrial statement.

3. Counsel for plaintiff shall file a second amended pretrial statement which complies with the terms of the court's April 11, 2023, order within 30 days. Failure to comply with the court's April 11, 2023, order a second time will result in further monetary sanctions or possibly dismissal of this action.

4. Defendant shall file his response to plaintiff's second amended pretrial statement within 30 days of filing of plaintiff's second amended pretrial statement.

Dated: June 1, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
park1505.osc

3